Christopher H. Knauf, State Bar No. 185180
ck@goodlaw.biz
Alexandra M. Robertson, State Bar No. 298637
alex@goodlaw.biz
KNAUF ASSOCIATES
2001 Wilshire Blvd, Suite 305
Santa Monica, California 90403
Tel: (310) 829-4250; Fax: (310) 622-7263

Jennifer E. Mathis, Admitted *Pro Hac Vice*
jenniferm@bazelon.org
Julia W. Garrison, Admitted *Pro Hac Vice*
juliag@bazelon.org
BAZELON CENTER FOR MENTAL HEALTH LAW
1101 15th Street NW, Suite 1212
Washington, DC 20005
Tel: (202) 467-5730; Fax: (202) 223-0409

Celia McGuinness, Esq. (SBN 159420)
Anthony E. Goldsmith, Esq. (SBN 125621)
DERBY McGUINNESS & GOLDSMITH LLP
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

## UNITED STATES DISTRICT COURT

### IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.L., an individual;<br><br>Plaintiff,<br><br>v.<br><br>DEL AMO HOSPITAL, INC., a California corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 8:18-cv-00475-DOC (DFMx)<br><br>**PLAINTIFF'S AMENDED MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Trial Date: July 16, 2019<br><br>Time: 8:30 a.m.<br><br>Courtroom: 9D<br><br>Judge: Hon. David O. Carter |

-1-

**Pltfs Amended Memorandum of Contentions**

Plaintiff hereby submits her Amended Memorandum of Contentions of Fact
and Law, which has been amended only to indicate that Plaintiff has abandoned
her claim under Section 504 of the Rehab Act, and to remove discussions relating
to that claim.

## INTRODUCTION

This is a simple case in which a hospital repeatedly, unlawfully excluded a
disabled person's service dog.  Most issues are not in dispute:  Defendant admits
that Plaintiff is a person with a disability who is qualified to, and did enter, Del
Amo psychiatric hospital for treatment of suicidal ideation on seven different
occasions between 2015 and 2017.  Defendant admits that Plaintiff asked to bring
her service dog, Aspen, each time she was admitted.  Defendant admits that it
refused entry to the service dog each time.  Defendant admits, in three separate
pleadings, that Aspen is a service dog.  The Court has determined that Del Amo
Hospital is a public accommodation.  Thus, other than the element of whether
Defendant is a "business establishment" under the Unruh Act, all the elements of
Plaintiff's case in chief have been established.

Defendant hangs its entire case on one cognizable affirmative defense:  That
admitting Aspen would have created a "fundamental alteration" in Defendant's
services.  As the Court noted in its Order on Defendant's Motion for Summary
Judgment, Defendant did not

> provide deposition testimony or other evidence for its
> contention that accommodating Plaintiff's dog would have
> caused a fundamental alteration in the services provided
> by the facility. Defendant does not elaborate regarding
> how allowing entrance to a service dog would have been a
> fundamental alteration, rather than a reasonable

> modification that would have drastically changed Del
> Amo or its services.

Docket 80 at 9:3-9.  Defendant has no such evidence.

Defendant is not really making a "fundamental alteration" argument.  It is really arguing that it could exclude Aspen because "the hospital would be doing a disservice to plaintiff by failing to provide the full benefit of the services it provides" and it knows "best how to address her psychological symptoms."  Def. MSJ at 15.  This argument, and Defendant's related arguments on standard of care, "clinical judgment" and Plaintiff's "need" for her service dog are misplaced quality of care arguments that have no bearing on this case whatsoever.  They are not cognizable under a civil rights framework that presumes, with limited statutory exceptions, that "Individuals with disabilities *shall* be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go."  28 C.F.R. § 36.302(c)(7) (emph. added).

Plaintiff is ready to waive her right to a jury trial and try this matter to the Court.  With the irrelevant matters excluded, Plaintiff believes the parties can place their best arguments before the Court efficiently.  Plaintiff expects this dispute will be resolve quickly in favor of Plaintiff and in favor of the national interest in equal access for people with disabilities.

I.    **L.R. 16-4.1 Summary of Claims and Defenses**

**A.  Plaintiff's Claims**

Summary of Plaintiff's Claims

Plaintiff claims Defendant hospital improperly refused admission to

**Pltfs Amended Memorandum of Contentions**

Plaintiff's service dog when Plaintiff was admitted for voluntary inpatient treatment for 123 days between 2015 and 2017 (seven separate admissions). Plaintiff's dog is a service animal trained to perform tasks related to Plaintiff's psychiatric disabilities. Plaintiff suffered financial and emotional damage as a result of Defendant's unlawful refusal to admit her service dog, which discriminated against Plaintiff and denied her the benefit of Defendant's program and services. Plaintiff states two claims.

### Claim One: Americans with Disabilities Act Title III

Summary:

ADA Title III prohibits discrimination on the basis of disability by public accommodations, including denial of service animal. 42 U.S.C. § 12181 et seq.

Elements:

1. Plaintiff is a person with a disability
2. Defendant is a private entity that owns, leases, or operates a place of public accommodation;
3. Plaintiff was denied equal participation in the enjoyment of goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation by Defendant on the basis of her disability in the following manner:
   a. Plaintiff uses the assistance of a service animal, which is a dog individually trained to do work or perform tasks for the benefit of Plaintiff and these tasks or work are directly related to Plaintiff's psychiatric or mental disabilities;
   b. Defendant refused entry to Plaintiff's service dog.

-4-

**Pltfs Amended Memorandum of Contentions**

Source:

42 U.S.C. § 12182(a), (b); *Tamara v. El Camino Hospital*, 964 F. Supp.2d 1077 (N.D. Cal. 2013); 28 C.F.R. § 36.104 (definition of a service dog); 28 C.F.R. § 36.302 (c)(1) ("Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability."); 28 C.F.R. § 36.302(c)(7) ("Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where . . . program participants . . . are allowed to go." (emph. added.); 28 C.F.R. pt. 36, app. C. ("It is intended that the broadest feasible access be provided to service animals in all places of public accommodation, including . . . hospitals.").

**Claim Two:  Unruh Civil Rights Act**

Summary:

Cal. Civ. Code §§ 51 et seq., prohibits discrimination on the basis of disability by a business establishment.

Elements:

1.  Defendant is a business establishment.[1]
2.  Defendant violated the ADA.

Source:

CALJIC Instruction 3060; Cal. Civ. Code § 51(f ) (violation of a right protected by the ADA constitutes a violation of the Unruh Civil Rights Act);

---

[1] This issue is a question of law for the Court, not for the trier of fact.  CALJIC Instruction 3060; *Rotary Club of Duarte v. Bd. of Directors*, 178 Cal. App. 3d 1035, 1050 (Ct. App. 1986).

*Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 665 (2009) (under Civil Code § 51(f) "[a] plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under section 52.").

### Seven Hospitalizations comprising 123 total days of discrimination:

1. September 3, 2015 to September 23, 2015
2. November 18, 2015 to December 6, 2015
3. March 18, 2016 to April 9, 2016
4. June 15, 2016 to July 2, 2016
5. September 21, 2016 to October 7, 2016
6. January 23, 2017 to February 4, 2017
7. August 14, 2017 to August 31, 2017

**Prayer for Relief:  Injunction and Damages**

Summary:

1. Plaintiff seeks an injunction, described in detail below under Legal Issues
2. Plaintiff seeks actual and treble damages under Unruh, but not less than $4,000 per offense.

Source:

Injunctive relieve is available under both the ADA and Unruh.  42 U.S.C.A. § 12188; Civ.C. § 52.  Damages are available under Unruh.  "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than

four thousand dollars ($4,000)."  Each day that Plaintiff was hospitalized without
her service dog constitutes one offense.  *Botosan v. Fitzhugh*, 13 F.Supp.2d 1047
(1998).

## B.  Key Evidence in Support of Plaintiff's Claims -- L.R. 16-4.1(c)

<u>Defendant is a public accommodation</u>:

The Court has ruled this element is established as a matter of law.  Docket
80 at 17:17-20.

<u>Defendant is a business establishment</u>:

This element can be established by the Court easily.  Unruh states, "All
persons within the jurisdiction of this state are free and equal, and no matter what
their . . . disability . . . are entitled to the full and equal accommodations,
advantages, facilities, privileges, or services in all business establishments of every
kind whatsoever."  Civ.C. § 51(a).  The definition of "business establishment under
Unruh is meant to incorporate almost every action an entity, whether commercial
or nonprofit, undertakes.

> The Legislature used the words 'all' and 'of every kind whatsoever' in
> referring to business establishments covered by the Unruh Act
> (Civ.Code, § 51), and the inclusion of these words, without any
> exception and without specification of particular kinds of enterprises,
> leaves no doubt that the term 'business establishments' was used in the
> broadest sense reasonably possible.  The word 'business' embraces
> everything about which one can be employed, and it is often
> synonymous with 'calling, occupation, or trade, engaged in for the
> purpose of obtaining a livelihood or gain.'  The word 'establishment,'
> as broadly defined, includes not only a fixed location, such as the 'place
> where one is permanently fixed for residence or business,' but also a
> permanent 'commercial force or organization' or 'a permanent * settled

**Pltfs Amended Memorandum of Contentions**

position (as in life or business).'

*Burks v. Poppy Const. Co.,* 57 Cal. 2d 463, 468–69 (1962) (internal citations omitted).  Defendant's Answer states, "Del Amo Hospital, Inc., is a California corporation that operates a mental health facility located at 23700 Camino Del Sol, Torrance, California and that this treatment facility is known at Del Amo Behavioral Health System." Docket 33, Answer ¶ 6.   The "Del Amo Hospital located at 23700 Camino Del Sol, Torrance, California, [] is owned, leased and/or operated by Defendant Del Amo." Answer, admission ¶ 12.  A corporation owning and operating a mental health facility is a business establishment under Unruh.

Plaintiff is a person with a disability:

This element is not disputed.  Defendant admitted in its Answer, ¶¶ 1, 7, 24, 41, 54.  See also Docket 80 at 6:14-15.

Aspen is a service dog:

This issue should be considered undisputed because Defendant admitted several times, in its Answer and in discovery, that Aspen is a service dog. Plaintiff alleged in her Complaint,

> Under advice from her treating medical providers, C.L. uses the assistance of a service dog, Aspen, that has been individually trained to do work and perform tasks to assist C.L. with her daily functioning that is impacted by her disabilities, including to alleviate or avoid hyper-vigilance, heightened anxiety, anxiety attacks, flashbacks, sensory overload, suicidal ideation, and self-injurious behaviors.

Docket 1, Complaint ¶2.  Defendant answered,

1

2

> Defendant Del Amo Hospital admits that Plaintiff uses the assistance of a service dog but lacks sufficient information upon which to admit or deny the remaining allegations contained in paragraph 2 and thereon denies the remaining allegations contained in this paragraph.

3

4

Docket 33, Answer ¶ 2.  Therefore, Defendant admits that Plaintiff uses a service dog.  (The facts it could not admit, whether she does so under advice of her medical providers or exactly what tasks the dog performs, are irrelevant to establishing this element.)

5

6

Defendant also referred to Aspen as a service dog in its interrogatory responses.  For example, "Plaintiff's treatment would be undermined by the presence of her service dog while she is hospitalized in the NTC program;" Ms. [CL's] service dog is trained to interrupt this process;" "All the tasks Ms. [CL's] service dog performs are tasks or accommodations provided within the NTC inpatient hospital program."  Docket 49-15, MSJ Exhibit 10, Defendant's Amended Response to Plaintiff's Interrogatories Set One, Response to Interrogatory No. 3.

7

8

9

10

11

12

Finally, Defendant admitted in its response to Requests for Admission that Aspen is a service dog.  Plaintiff requested:

13

> Admit that DEL AMO denied admission to C.L. 's service dog Aspen to accompany C.L. during her admissions to YOUR National Treatment Center inpatient treatment program for trauma for each of her admissions to this program at the HOSPITAL from 2015 to the present.

14

15

16

17

Defendant responded,

18

> Objection. Defendant objects on the grounds that this demand is vague, ambiguous, overly broad, and burdensome. This request seeks information not reasonably calculated to lead to the discovery of

19

20

21

**Pltfs Amended Memorandum of Contentions**

admissible evidence. Subject to and without waiving the foregoing objections, admit.

Nevertheless, if required to do so Plaintiff will introduce the following categories of

evidence establishing that Aspen is a service dog, through percipient and expert

testimony:

- Aspen was individually trained to perform specific tasks on command and specific tasks when prompted by Plaintiff's behavior;
- Aspen performs specific tasks on command;
- Aspen performs specific tasks when prompted by Plaintiff's behavior;
- Aspen's training is regularly reinforced;
- Aspen is well-behaved, groomed, and housebroken.

<u>Defendant denied admission to Aspen:</u>

This issue is not disputed.  Defendant admits Plaintiff was admitted to Del Amo as a patient seven different times within the statutory period.  Docket 33, Answer ¶ 12. Defendant admitted in its Answer the dates of hospitalization stated above.  Docket 33, Answer ¶ 12.   Defendant also admits it excluded Aspen for all dates of hospitalization.  Defendant told the Court in the Rule 26(f) Report,

> The Program Coordinator for the NTC program which plaintiff engages in during each of the subject admissions to Del Amo Hospital is Kristie Yahnian.  Ms. Yahnian prepared an affidavit wherein she declared that for therapeutic reasons, plaintiff's requests for her service dog's presence on the unit during each of her hospital admissions was denied.

**Pltfs Amended Memorandum of Contentions**

Rule 26(f) report at 3-4.  Defendant confirmed as undisputed facts on summary judgment:

- "Ms. Montes and Ms. Yahnian [Del Amo managing employees] confirmed that the decision whether to admit plaintiff with her service dog was discussed among the treatment team members, and a clinical decision was made to not admit plaintiff with her service dog."  MSJ Undisputed Fact 30 MSJ 5:17-20.

- Del Amo employees considered Plaintiff's request for each admission and made a decision for each admission.  MSJ 14:7-9; MSJ Ex. 4-6.

<u>Remedies:  Plaintiff was harmed by Defendant's discriminatory exclusion of Aspen:</u>

Under Unruh the harm is demonstrated by the violation, entitling Plaintiff to not less than $4,000 per offense.  Civ.C. § 52(a).   In addition, Plaintiff will present evidence on the following categories of harm to support her actual damages and treble damages under Unruh:

- Plaintiff suffered significant physical and emotional distress during in-patient treatment that would have been ameliorated by the tasks that Aspen is trained to performs including distress, anguish, hyper-vigilance, flashbacks, sensory overload, increased anxiety, anxiety attacks, suicidal ideation, and thoughts of and urges to perform self-injurious behaviors. Tasks such as "about face," "cornering," standing guard while she showers and interrupting self-harming behaviors such as head-banging would have reduced her physical and emotional pain.

-11-

**Pltfs Amended Memorandum of Contentions**

- Plaintiff suffered harm to the bond with her service dog, which is essential to their working relationship. Plaintiff spent time reinforcing tasks and behavior with Aspen after her Del Amo visits.
- Plaintiff incurred expenses to board Aspen at a dog kennel during her hospitalizations and additional costs for re-training Aspen when she returned from treatment, because Aspen regresses when not performing her service dog functions on a daily basis.

## II.    Defendant's Affirmative Defenses [L.R. 16-4.1(d), (e)]

Defendant did not plead any Affirmative Defenses, which are material to the statutory antidiscrimination claims that Plaintiff pursues at trial. Plaintiff believes Defendant no longer pursues any of its stated Affirmative Defenses. Instead, Defendant pursues only one, unpled, affirmative defense[2]: That admitting Plaintiff with Aspen would "fundamentally alter the nature of" Del Amo's "goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C § 12182(b)(2)(A)(ii). The ADA presumes a person's right to enter with her service dog. 28 C.F.R. § 36.302 (c)(1); 28 C.F.R. § 36.302(c)(7); 28 C.F.R. pt. 36, app. C.

Plaintiff is entitled to judgment as a matter of law on this defense. Defendant claims only that Aspen's presence would diminish the benefits to Plaintiff of the mental health services it provides. It does not meet its "heavy burden" to show that Aspen changes the fundamental nature of the services it

---

[2] Defendant expressly declined to bring a "direct threat" defense. In its Reply brief on summary judgment Defendant stated categorically, ""Plaintiff erroneously asserts that defendant argued the presence of plaintiff's dog was a 'direct threat.' Plaintiff's opposition, 13:13-16:2. At no time has Defendant contended that the dog was a direct threat. Rather, defendant asserts that admission of plaintiff's dog during her hospital stays would impede fundamental services provided to plaintiff and the efficacy of the services provided." MSJ Ex. 1: Montes Deposition, 101:14-25.

**Pltfs Amended Memorandum of Contentions**

provides.  Docket 80 at 9:16-17.

Elements:

> Del Amo has the burden to establish:
>
> 1.  The nature of Del Amo's services, privileges, advantages and/or accommodations is the provision of mental health services.
> 2.  Admitting Aspen would fundamentally alter Del Amo, i.e., change an "essential aspect," a "fundamental character," an "essential attribute" or an "indispensable feature" of Del Amo so that it no longer provided mental health services.

Source:

> 42 U.S.C § 12182(b)(2)(A)(ii); *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 682-687 (2001); *Tamara v. El Camino Hospital*, 964 F. Supp.2d 1077 (N.D. Cal. 2013).

## III.  Key Evidence in Opposition to Del Amo's Affirmative Defense [L.R. 16-4.1(f)]

Plaintiff disputes that Aspen's presence creates a fundamental alteration on the provision of Del Amo's mental health services.  If Aspen accompanied Plaintiff to the hospital, Del Amo would still provide mental health services to Plaintiff and other patients.   Defendant's reason for excluding Aspen, sight unseen, was its concern that the efficacy of services provided to Plaintiff would be diminished, not that the Hospital would no longer be able to provide mental health services to Plaintiff or any other person.  Specifically, Defendant states:  "In the interests of

-13-

**Pltfs Amended Memorandum of Contentions**

plaintiff's health, safety and achieving the highest degree of efficacy of the program, the hospital decided not to permit plaintiff to bring her dog," Def MSJ 18:9-11, or alternatively, that "the hospital would be doing a disservice to plaintiff by failing to provide the full benefit of the services it provides." Def. MSJ at 15.

Plaintiff will present evidence in the following categories to rebut the defense of fundamental alteration:

- Each patient who enters the hospital is given a Patient Treatment Plan. The plan is individuated to the needs of the patient, including the methods and modalities of treatment provided.
- In the provision of mental health services, Defendant's job is to meet patients as it finds them and provide mental health services appropriate to their status and health. Defendant modifies its treatment to meet the needs of its patients. Tailoring its treatment to individual needs of a patient is a regular part of its operations. Modifying Plaintiff's treatment plain to accommodate her service dog is part of what Defendant does, not a fundamental departure from what it does.
- Other service dogs have been admitted to the hospital without fundamental alteration.
- Defendant permitted Aspen to accompany Plaintiff to an out-patient event in August 2017. The event included the provision of mental health services. Defendant provided the therapy with Aspen present.

## IV.    Anticipated Evidentiary Issues [L.R. 16-4.1(h)]

<u>Evidence which should be excluded:</u>

- <u>Evidence and argument that Aspen is not a service dog</u>

**Pltfs Amended Memorandum of Contentions**

Defendant is barred as a matter of law from producing evidence that Aspen is not a service dog because it has made three binding admissions that Aspen is a service dog.  Defendant admitted in its Answer that Aspen is a service dog. Docket 33 at 2.  Defendant admitted in its response to Requests for Admission that Aspen is a service dog.  Defendant admitted in its Interrogatory responses that Aspen is a service dog. *See supra* at 8-9.

- Defendant's arguments that are not valid defenses
    1. "Clinical judgment" is not an admissible argument

Defendant summarizes its "clinical judgment" argument thus:  "The clinical decision to admit C.L. without her service dog was sound exercise of clinical judgment and in the best interest of her own health and safety."  MSJ 13:16-18. Defendant should be precluded from introducing any evidence regarding its opinion about the impact of the dog on the effectiveness of Plaintiff's mental health treatment.  Defendant does not receive special deference concerning its treatment decisions under the ADA merely because it is a health care provider. *Bragdon v. Abbott*, 524 U.S. 624 (1998) at 649-50 (dentist was not entitled to deference under Title III of the ADA for decision to exclude patient with HIV because he believed she posed a risk of transmission).  With specified statutory exceptions, the patient's health and safety is not an allowable consideration, even under the 'direct threat" defense which Defendant expressly disavowed.  28 C.R.F. § 36.208.

This is not a medical malpractice case or a case in any way involving quality of care.  Defendant's belief or "judgment" about the utility of the dog in the hospital is immaterial; the ADA expressly precludes Defendant from second-guessing Plaintiff's choices for mitigating the symptoms of her disability, during

---

**Pltfs Amended Memorandum of Contentions**

hospitalization or at any time.  If Defendant is allowed to introduce evidence about its "clinical judgment" and why that judgment is correct, Plaintiff will be forced to introduce contradictory evidence, resulting in a mini-trial that will confuse and distract the jury.  Plaintiff will introduce expert testimony Plaintiff's treatment would likely have been more effective had Aspen been incorporated into Plaintiff's treatment.

2.  <u>Whether Plaintiff "required" her service dog during the hospitalizations, and whether "staff can perform the same tasks as the service dog" are not admissible arguments.</u>

Defendant should be precluded from introducing any evidence that Plaintiff did not "need" her dog or that staff could perform any of the tasks which Aspen performs.   DOJ Administrative Guidance, "Frequently Asked Questions about Service Animals and the ADA," https://www.ada.gov/regs2010/service_animal_qa.html, last downloaded June 17, 2019.  As an autonomous person Plaintiff has the right to choose the mean by which she mitigates her disability.  Just as Defendant could not take the hearing aids of a hard-of-hearing person and force her to lipread, Defendant has no right to determine whether Plaintiff "needs" her service dog.

//

3.  <u>"Standards of practice for consultation with the patient" are completely immaterial under the ADA and Unruh.</u>

In its Motion for Summary Judgment Defendant discoursed at great length about "standards of practice" which, it asserts, did not require it consult Plaintiff about her treatment or her use of a service animal.  None of it was supported by

**Pltfs Amended Memorandum of Contentions**

citation to legal authority and most of it was not supported by citation to evidence. It has nothing to do with the issues in dispute. It is irrelevant and a distraction to the jury. It should be excluded.

### 4. <u>"Plaintiff benefitted from the services she received without Aspen" is not a material argument.</u>

Treatment benefit is not an issue under any of Plaintiff's claims. The standard of care for treatment provided is not an issue in this case. The only question is whether Defendant can prove that allowing the service dog would have fundamentally altered its services. In service dog cases the violation, *i.e.*, the deprivation of the benefits of the services, is complete when Defendant separates the disabled person from her dog. It denies her the right to behave independently, to control how she mitigates her disability, and to be her full self. *Sullivan*, 731 F. Supp. at 958.

### 5. <u>Evidence of Plaintiff's prior lawsuit against Del Amo.</u>

Plaintiff sued Del Amo in 2014 in Los Angeles County limited jurisdiction for deprivation of her service dog. The suit was resolved by the parties for $5,000 and no injunctive relief. (None of current Plaintiff's counsel was involved). The parties agree that the prior litigation "did not include the incidents from 2015 to present at issue in this action." Docket 25, Joint Rule 26(f) Report, 6:9-10.

### 6. <u>Evidence of Plaintiff's Complaint to the Office of Civil Rights and its conclusion.</u>

Plaintiff made a complaint to the Department of Health and Human Services' Office of Civil Rights in 2014. The OCR made a finding of insufficient evidence to determine whether Defendant discriminated under Section 504 and Section 1557 of the Affordable Care Act, and stated that it would resolve the

complaint by providing technical assistance to Defendant and requesting that Defendant "take steps to ensure its policies and procedures comport with the regulatory requirements regarding Complainant and other similarly situated individuals now and in the future." Letter of Sept. 4, 2018, at 4 from HHS Office of Civil Rights to C.L. and Moira Brennan. The finding has no legal authority nor any persuasive value and would confuse the jury.

        7.   <u>Exclude testimony of experts which exceeds the scope of expert testimony or is beyond the scope of the particular expert's authority.</u>

Plaintiff will object to legal opinions stated by experts, opinions states on ultimate issues, and opinions stated which are beyond the scope of a particular expert's expertise.

## F.  Identification of Issues of Law [L.R. 16-4.1(i)]

As of the date of this filing Plaintiff has not had the opportunity to depose Defendants' putative experts because Defendant did not disclose them until it filed its Motion for Summary Judgment. The parties are cooperating in setting the depositions. On that basis, Plaintiff reserves the right to raise additional legal issues which might arise as a result of the deposition testimony.

As of the filing date, however, Plaintiff anticipates only one issue of law which is not stated elsewhere in this Memorandum: Whether Plaintiff is entitled to damages for each day she was hospitalized in deprivation of her service dog, or only each admission. Plaintiff's position is that each day she was hospitalized is a separate act of discrimination.

## III.    **16-4.3 BIFURCATION OF ISSUES**

Plaintiff does not request bifurcation of issues to the trier of fact.

## IV.    **16-4.4 JURY TRIAL**

All claims are triable to a jury as a matter of right; both Plaintiff and Defendant timely demanded a jury trial.  However, Plaintiff now abandons that demand and requests instead a trial to the Court.  F.R.Civ.P. 38(d).  Plaintiff is prepared to so stipulate on the record.  F.R.Civ.P. 39(a)(1).

If Defendant insists upon a jury trial, all issues go to the jury except:

- Under Unruh, the Court determines the element of whether Defendant is a business establishment.  CALJIC Instruction 3060; *Rotary Club of Duarte v. Bd. of Directors*, 178 Cal. App. 3d 1035, 1050, (Ct. App. 1986), aff'd sub nom. *Bd. of Directors of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537 (1987).

- If Plaintiff prevails on any of her claims, the Court determines what injunctive relief is appropriate. Plaintiff will request the following kinds of orders:

  1. Defendant not to exclude Plaintiff's service dog based upon clinical considerations about impact on the effectiveness of therapy.  Defendant to admit the service dog unless, after an individualized assessment on a given admission date, the dog presents a direct threat to others which cannot be mitigated, as required by the regulation.

  2. Defendant to bring its written service dog policy into compliance with the law;

---

-19-

**Pltfs Amended Memorandum of Contentions**

3. Defendant to post its lawful service dog policy on its website so that patients and visitors may review it.

4. Defendant to train its relevant staff, including administration, nurses and doctors, about the hospital's obligations *vis a vis* patients with service dogs.

5. Defendant to amend its intake policy to require its staff to affirmatively enquire whether a patient seeks admission with a service dog.

## V.    16-4.5 ATTORNEY'S FEES

Plaintiff's reasonable attorneys' fees, litigation expenses and costs are recoverable pursuant to 42 U.S.C. § 12188, 42 U.S.C. § 12205, 29 U.S.C. § 794(a), Civ.C. § 52(a) and C.Civ. Proc. §1021.5.  Plaintiff will request the Court award her reasonable attorneys' fees, litigation expenses and costs for any of her claims upon which she prevails.

## VI.    16-4.6 ABANDONMENT OF ISSUES

Plaintiff withdraws her claims for violation of Section 504 of the Rehab Act (Second cause of action), Unfair Business Practices, (Fourth cause of action), Negligence (Fifth cause of action) and Intentional Infliction of Emotional Distress (Sixth cause of action).  Plaintiff believes that Defendant has abandoned its affirmative defenses apart from Fundamental Alteration.  If Defendant still maintains any affirmative defense which Plaintiff has not discussed, Plaintiff requests the opportunity to provide legal and factual contentions in response.

Dated:  June 20, 2019                                  KNAUF ASSOCIATES
                                                                  DERBY, McGUINNESS, & GOLDSMITH, LLP

**Pltfs Amended Memorandum of Contentions**

1

*/s/ Celia McGuinness*

2

By:  CELIA McGUINNESS, Esq.
Attorneys for Plaintiff

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

-21-

**Pltfs Amended Memorandum of Contentions**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

-22-

**Pltfs Amended Memorandum of Contentions**