**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| C. L., an individual, | No. 21-56195 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-00475-DOC-DFM |
| v. | |
| DEL AMO HOSPITAL, INC., a California corporation; DOES, 1-10, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 17, 2023
Pasadena, California

Before: PAEZ, MILLER, and VANDYKE, Circuit Judges.

C.L. alleges that Del Amo Hospital violated the Americans with Disabilities Act by barring her service dog, Aspen, from accompanying her during admissions for inpatient psychiatric treatment. After our remand in 2021, the district court entered judgment in favor of Del Amo, concluding that the hospital had established the affirmative defense that Aspen's presence would fundamentally alter its

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

program. *See* 42 U.S.C. § 12182(b)(2)(A)(ii). C.L. appealed. Because the district court's judgment was based on evidence that related to a specialized treatment program that Del Amo no longer offered, we vacate the judgment and remand for further development of the factual record.

**1.** After we remanded this case to the district court, Del Amo informed the court that it no longer offered the specialized National Treatment Center ("NTC") program. Neither party argued that this development mooted the case. The district court, however, had an independent duty to determine whether it could still grant effective relief in light of the program's termination. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998); *In re Martinez*, 721 F.2d 262, 264 (9th Cir. 1983).

A claim becomes moot if it no longer presents a live controversy. *See Flint v. Dennison*, 488 F.3d 816, 823 (9th Cir. 2007). Events during litigation can moot a claim if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 U.S. 167, 189 (2000). A case is moot only if it would be impossible for a court to grant any effective relief to the prevailing party. *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017).

C.L. seeks an injunction requiring Del Amo to allow Aspen to accompany her during inpatient admissions. We remand this case to the district court to

determine whether any effective relief remains available given that Del Amo no longer offers the NTC program. The district court should make findings of fact and conclusions of law on the issue of mootness. We express no views on this issue.

**2.** In the event the court determines that this case is not moot, further proceedings are warranted. The district court's decision was based on stale record evidence specific to the NTC program. If a district court's factual findings are insufficient, "there should be a remand for further proceedings to permit the trial court to make the missing findings." *Pullman-Standard v. Swint*, 456 U.S. 273, 291 (1982). Because C.L. seeks prospective relief, the district court must determine whether the hospital has established that Aspen's presence would fundamentally alter the essential nature of the programs that it currently administers. *See PGA Tour, Inc. v. Martin,* 532 U.S. 661, 663, 682-87 (2001). The dearth of information in the record about Del Amo's current inpatient program and policies precludes appellate review of the merits of C.L.'s claim. We therefore vacate the district court's judgment and remand for further findings of fact and conclusions of law as appropriate. *See* Fed. R. Civ. P. 52(a).

    **VACATED and REMANDED.**