**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00475-DOC-DFM                                        Date: April 17, 2024

Title: C.L. V. DEL AMO HOSPITAL INC. ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):    ORDER RE: MOOTNESS AND PERMANENT INJUNCTION [260, 275, 276]**

Before the Court is a Mandate by the Ninth Circuit ("Mandate") (Dkt. 260) and briefing by both parties (Dkts. 275, 276, 280, 281). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that the case is not moot and Plaintiff is entitled to a permanent injunction.

**I.    Background**

   **A.    Facts**

This suit arises from Plaintiff C.L.'s[1] allegations that Defendant Del Amo Hospital Inc. ("Del Amo") violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(a), by barring C.L.'s service dog, Aspen, from accompanying her during multiple admissions to Defendant's National Treatment Center Program ("NTC Program") between September 2015 and August 2017. *See generally* Findings of Fact and Conclusions of Law ("FFCL") (Dkt. 239). Previously, this Court

---

[1] 1 Plaintiff's name is not disclosed for confidentiality purposes; Plaintiff will be referred to as "C.L." throughout the Court's Order.

found that Plaintiff successfully established all three elements required to prevail on a discrimination claim under Title III of the ADA. *Id.* ¶¶ 67-78. However, the Court concluded that Defendant did not discriminate against C.L. because Defendant successfully established the affirmative defense that "[C.L.'s] requested accommodation would have fundamentally altered the nature of the service that Del Amo provides." *Id.* ¶ 79. Thus, on October 21, 2021, this Court entered its Final Judgment (Dkt. 241) in favor of Defendant.

On appeal, the Ninth Circuit vacated and remanded "[b]ecause the district court's judgment was based on evidence that related to a specialized treatment program [(NTC Program)] that Del Amo no longer offered." Dkt. 256 at 2. Subsequently, the parties have stipulated that the NTC Program at the Del Amo Hospital ceased to exist and was no longer available after March 2020. Joint Stipulation of Facts (Dkt. 272) ¶ 1. Importantly, the Ninth Circuit stated that on remand, this Court "should make findings of fact and conclusions of law on the issue of mootness." *Id.* at 3. Further, the Ninth Circuit noted that if this Court determines that the case is not moot, further proceedings are warranted to "determine whether the hospital has established that Aspen's presence would fundamentally alter the essential nature of the programs that it *currently* administers." *Id.* (emphasis added).

### B.     Procedural History

On April 4, 2023, the Ninth Circuit entered the judgment discussed above (Dkt. 256). On April 26, 2023, the Ninth Circuit issued its formal Mandate (Dkt. 260). On July 3, 2023, this Court ordered discovery (Dkt. 264). On December 11, 2023, Defendant filed its post-remand Brief ("Defendant's Brief") (Dkt. 275). On the same day, Plaintiff filed her post-remand Trial Brief ("Plaintiff's Brief") (Dkt. 276). On January 11, 2024, Defendant filed its Brief regarding Plaintiff's Brief ("Response") (Dkt. 280). On the same day, Plaintiff filed her Reply to Defendant's Brief ("Reply") (Dkt. 281).

## II.    Legal Standard

### A.     Mootness

The jurisdiction of a federal court is limited to adjudicating "Cases" or "Controversies." U.S. Const. Art. III, § 2, cl. 1. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for Article III purposes—'when the issues presented are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00475-DOC-DFM                            Date: April 17, 2024

Page 3

no longer live or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (cleaned up). As the Ninth Circuit has stated, "[t]he basic question is whether there exists a present controversy as to which effective relief can be granted." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). "If there is no longer a possibility that [the defendant] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999).

Importantly, "a defendant's [mere] voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Rather, "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

### B.     Discrimination under Title III of the ADA

To prevail on a discrimination claim under Title III of the ADA, a plaintiff must show that: "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodation by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12183(a)–(b)). Further, "individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go." 28 C.F.R. § 35.136(g). Thus, a place of "public accommodation shall modify policies, practices, or procedures to permit the use of service animals to persons with a disability." 28 C.F.R. § 36.302.

### C.     Standing for Injunctive Relief under the ADA

Because Article III limits federal courts' jurisdiction to cases and controversies, the "irreducible constitutional minimum of standing" requires a plaintiff to have suffered an "injury in fact," caused by the defendant's conduct, that can be redressed by a favorable result. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An injury in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00475-DOC-DFM                           Date: April 17, 2024

Page 4

fact must be "concrete and particularized," and "actual or imminent," not "hypothetical." *Id.* A plaintiff must establish standing at each stage of the litigation. *Id.* at 561. However, whether a plaintiff has standing depends upon the facts "as they exist when the complaint is filed," *Id.* at 569 n.4 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830 (1989)).

Private plaintiffs are limited to seeking injunctive relief under Title III of the ADA, so a plaintiff suing a place of public accommodation must show a sufficient likelihood of injury in the future to establish standing. *Langer v. Kiser*, 57 F.4th 1085, 1092 (9th Cir. 2023) (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)). Merely encountering an ADA violation in the past at a place of public accommodation is not sufficient. *Fortyune*, 364 F.3d at 1081. But personally encountering the barrier or physically visiting the place of public accommodation is also not necessary. *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1100 (9th Cir. 2017). Instead, a plaintiff must establish a sufficient future injury by alleging that they are either currently deterred from visiting the place of public accommodation because of a barrier or other ADA violation, or that they were previously deterred and that they intend to return to the place of public accommodation, where they are likely to reencounter the barrier. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).

### III.   Discussion

#### A.   Mootness

Defendant argues that this case is moot because the NTC Program at Del Amo Hospital no longer exists. Defendant's Brief at 3. Plaintiff argues in response that her claim was not mooted by the termination of the NTC Program because her claim was not limited to that program, and because it is not "absolutely clear" that her dog would be allowed to accompany her during future visits to other Del Amo treatment programs that offer voluntary in-patient treatment for suicidality. Plaintiff's Brief at 8-9. The Court agrees with Plaintiff.

First, Defendant argues that Plaintiff's claims do not apply to Del Amo programs other than the now-defunct NTC Program, because the NTC Program was a "specialized unit" with a different process for admitting a patient with a service dog than other units. Defendant's Brief at 6. This argument fails. As Plaintiff points out, Del Amo's ongoing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00475-DOC-DFM  Date: April 17, 2024

Page 5

Del Sol Program also offers 24-hour care and treatment for suicidality to patients such as C.L. Plaintiff's Brief at 9; Joint Stipulation of Facts ¶ 2. Additionally, C.L.'s medical condition and history are such that she is likely to be triggered to suicidality in the future. C.L. Decl. ¶ 3. C.L. offers that if she needs help to navigate such a crisis in the future, she will again choose Del Amo because it is close to where she lives, familiar to her, already in possession of her records and because Del Amo accepts her insurance. *Id.* ¶¶ 4-5. Thus, it is reasonably expected that Plaintiff will return to Del Amo. Furthermore, Del Amo's intake process for screening patients and service dog policy remain unchanged. *Id.* ¶¶ 3-4. Given that the same process and policy that were in effect at the time of the injury–denying Aspen entry–remain intact, Defendant fails to meet its burden of showing that it is "absolutely clear" that Aspen would be granted entry if C.L. is admitted to another unit at Del Amo in the future. *See Friends of the Earth, Inc.*, 528 U.S. at 190. Thus, the case is not moot.

Defendant also argues that the case is moot because Tina Clark, Del Amo's Director of Risk Management, stated in a sworn testimony that C.L. would be admitted to other inpatient units at Del Amo with her service dog. Defendant's Brief at 2; Remote Deposition of Tina Clark 79:5-14. Such a promise, however, is not sufficient to render Plaintiff's claim moot. The Ninth Circuit's decision in *Butler v. WinCo Foods, LLC* is instructive here. 613 F. App'x 584, 586 (9th Cir. 2015). In *Butler*, the plaintiff brought an ADA claim challenging a defendant supermarket's store-wide policy of prohibiting service animal from riding in its grocery carts. *Id.* at 585. The Ninth Circuit concluded that the sworn declaration of the defendant's manager to grant the plaintiff an exception to the store-wide policy did not moot the case, because "[t]he exception offered to [the plaintiff] [was] not sufficiently entrenched and permanent." *Id.* at 586. Like the defendant in *Butler*, Del Amo proffers the declaration of a member of its staff in an attempt to meet its burden of "showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 190. Such a statement, however, is non-binding and there is no guarantee that Clark will still be employed by Del Amo when C.L. next visits its facilities. Thus, under Ninth Circuit law, the assurances offered by Clark during her deposition are not sufficiently entrenched and permanent to render C.L.'s claim moot.

    **B.    The "Fundamental Alteration" Defense**

The Ninth Circuit noted that if this Court determines that the case is not moot, further proceedings are warranted to determine whether the "fundamental alteration"

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00475-DOC-DFM　　　　　　　　　　　　　　　　Date: April 17, 2024

Page 6

defense applies to any program Del Amo still administers. Dkt. 256 at 3. However, Del Amo now stipulates that the presence of Aspen would not cause a "fundamental alteration" to any aspect of its current treatment programs. Joint Stipulation of Facts ¶ 7.

This Court previously found that C.L. can establish each of the three elements of her claim under Title III of the ADA: (1) C.L. is disabled within the meaning of the ADA, (2) Del Amo Hospital is a place of public accommodation, and (3) Aspen, who was denied entry, is a service dog. FFCL ¶¶ 74-78. The only reason the Court did not conclude that Del Amo discriminated against C.L. was because the Court found that the "fundamental alteration" defense applies. *Id.* ¶ 79. As stated, this defense no longer applies. *See* Joint Stipulation of Facts ¶ 7. Thus, the Court finds that C.L. has prevailed on her claim against Del Amo in violation of Title III of the ADA.

**C.**　　**Standing for Injunctive Relief**

Defendant argues that Plaintiff lacks standing because she has not sought admission to Del Sol or any other currently-existing Del Amo units since February 2018. Defendant's Brief at 13. Defendant argues that Plaintiff's injury is therefore a speculative one. *Id.* The Court disagrees.

In *Pickern*, the Ninth Circuit established what became known as the deterrent effect doctrine. 293 F.3d 1133. There, the court concluded that a paraplegic plaintiff had standing to bring a Title III claim against a grocery store where he had once encountered barriers to entry, even though he had not attempted to reenter the store ever since. *Id.* at 1135. As the court stressed, a person with a disability "need not engage in the 'futile gesture' of attempting to gain access [to a noncompliant place] in order to show actual injury." *Id.* Rather, the proper inquiry is whether the plaintiff has "actual knowledge" of an ADA violation such that he is "currently deterred" from visiting the place of public accommodation. *Id.* at 1138.

Here, there is no dispute as to C.L.'s knowledge of an ADA violation. Furthermore, C.L. is "currently deterred" from visiting Del Amo, as she remains concerned that if she shows up for treatment with Aspen, she will have to be separated from her in order to get treatment. Declaration of Plaintiff C.L. ¶¶ 7-8. Thus, C.L. has established a cognizable future injury as to support standing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-00475-DOC-DFM            Date: April 17, 2024

Page 7

### D.     Appropriateness of Injunctive Relief

The ADA authorizes injunctive relief as a remedy. *See* 42 U.S.C. § 12188. The ADA specifically allows courts to grant equitable relief to the extent required to make facilities accessible to individuals with disabilities. *See* 42 U.S.C. § 12188(b)(2). But "an injunction must be narrowly tailored to affect only those persons over which it has power, and to remedy only the specific harms shown by the plaintiffs, rather than to enjoin all possible breaches of the law." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004).

Since Del Amo discriminated against C.L. in violation Title III of the ADA, the Court finds that a narrowly tailored injunction is appropriate here. The Court suggests that the injunction be limited to allowing Aspen to accompany C.L. on any future admissions to Del Amo hospital. Any additional requests will be considered by the Court.

The Court therefore **ORDERS** the parties to meet and confer and submit a proposed injunction to the Court, consistent of the terms of this order, within fifteen (15) days of the issuance of this order. If the parties cannot agree on a joint proposed injunction, they may submit separate proposals. If the parties object to each other's respective proposals, they should submit their objections simultaneously with the proposed injunctions.

### IV.     Disposition

For the foregoing reasons, the Court finds the case is not moot and that Plaintiff has prevailed on her ADA claim and is entitled to injunctive relief. The Court further orders the parties to meet and confer and submit joint or separate proposed permanent injunctions to the Court within fifteen (15) days of this order. Thereafter, the parties are to meet and confer regarding plaintiff's Motion for Attorneys' Fees. If the parties are unable to reach an agreement regarding the amount of fees, plaintiff may submit her fee Motion to the Court within thirty (30) days of the date of Judgment.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |
| CIVIL-GEN | |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-00475-DOC-DFM                                                     Date: April 17, 2024

Page 8