Scott D. Buchholz, Esq. – State Bar No. 139979
Scott.buchholz@dbt.law
Moira S. Brennan, Esq. – State Bar No. 242126
Moira.brennan@dbt.law
**DUMMIT, BUCHHOLZ & TRAPP**
101 W. Broadway, Suite 1400
San Diego, California 92101-8122
(619) 231-7738
Fax    (619) 231-0886

Attorneys for Defendant, DEL AMO HOSPITAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.L., an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEL AMO HOSPITAL, INC. a California corporation; and DOES 1-10, inclusive,<br><br>                    Defendants.<br><br>_____ | Case No. 8:18-CV-00475-DOC (DFMX)<br><br>DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS AND INVOICES SUBMITTED IN REPLY TO OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS<br><br>Hearing:      November 4, 2024<br>Time:         9:30 a.m.<br>Courtroom:  10A<br>Judge:        Hon. David O. Carter |

Defendant Del Amo Hospital, Inc. hereby submits the following objections to plaintiff's supplemental declarations and invoices filed concurrently with plaintiff's reply to defendant's Opposition to the Motion for Attorneys' Fees and Costs.

/ / /

**Objection #1**

Supplemental Declaration of Richard M. Pearle in Support of Plaintiff's Motion for Attorneys' Fees in its entirety.  Dkt. 338-1.

The court need not consider "arguments raised for the first time in a reply brief." *Zamani v. Carnes* (9th Cir. 2007) 491 F3d 990, 997.  If a reply brief raises new material (and is permitted), the nonmoving party should be given opportunity for further response.  *Gebretsadike v. Travelers Home & Marine Ins. Co.* (D DC 2015) 103 F.Supp.3d 78, 86.  The court has the discretion to not consider factual matters not raised in the opening brief or opposition.  *Lujan v. National Wildlife Federation* (1990) 497 US 871, 894-895.   If the Court is inclined to consider new material contained in or served with a reply brief, it must afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.* (10th Cir. 1998) 145 F3d 1159, 1164-1165; see also *Lu v. Lezell* (D DC 2014) 45 F.Supp.3d 86, 91 [court may ignore new arguments in reply or grant leave to file sur-reply].

The Declaration of Richard M. Pearle raises new issues to which the defendant and defendant's expert have not had the opportunity to respond.   Mr. Pearle addresses the methods and formulas which defendant's expert Mr. Jardini utilized in assessing the billing submitted by plaintiff's counsel.  Mr. Pearle had the opportunity to bolster and described at length his own methods in assessing the reasonableness of the billing submitted both with respect to hours per task and the number of counsel involved.  Mr. Pearle also already addressed at length in his original declaration the hourly rates for plaintiff's counsel and he should not be afforded an opportunity to address these issues with supplemental arguments and authorities.  Mr. Pearle should not be allowed to submit new arguments without the defendant and Mr. Jardini having the opportunity to respond.

Defendant moves to strike Docket No. 338-1 in its entirely.  The only papers in response to the opposition that should be considered by the court are plaintiff's

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS AND INVOICES RE MOTION FOR ATTORNEYS' FEES AND COSTS

1    Reply in Support of Motion for Attorneys' Fees and Costs,  Docket No. 338.

2         In the alternative, defendant moves the Court for leave to file a sur-reply.

3    Plaintiff has submitted new evidence, and defendant should be granted the

4    opportunity to respond.  The Ninth Circuit has held that "[w]here new evidence is

5    presented in a reply . . . the district court should not consider the new evidence

6    without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102

7    F.3d 1478, 1483 (9th Cir. 1996) (alterations in original) (citation omitted).  Plaintiff

8    has not presented an argument that she was prohibited from raising this new

9    evidence in her opening brief.

10        **Objection #2**

11        Supplemental Declaration of Celia McGuinness in Support of Plaintiff's

12   Reply to Motion for Attorneys' Fees in its entirety and the entirety of the attached

13   Exhibit C.  Dkt. 338-2.

14        The court need not consider "arguments raised for the first time in a reply

15   brief." *Zamani v. Carnes* (9th Cir. 2007) 491 F3d 990, 997.  If a reply brief raises

16   new material (and is permitted), the nonmoving party should be given opportunity

17   for further response.  *Gebretsadike v. Travelers Home & Marine Ins. Co.* (D DC

18   2015) 103 F.Supp.3d 78, 86.  The court has the discretion to not consider factual

19   matters not raised in the opening brief or opposition.  *Lujan v. National Wildlife*

20   *Federation* (1990) 497 US 871, 894-895.   If the Court is inclined to consider new

21   material contained in or served with a reply brief, it must afford the opposing party a

22   reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.* (10th Cir. 1998)

23   145 F3d 1159, 1164-1165; see also *Lu v. Lezell* (D DC 2014) 45 F.Supp.3d 86, 91

24   [court may ignore new arguments in reply or grant leave to file sur-reply].

25        The issues raised in the supplemental Declaration of Celia McGuinness could

26   have been raised in the opening brief and Exhibit C could have been submitted at

27   the time of filing the opening brief.  The declaration now raises new issues

28

---

3

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS AND INVOICES RE
MOTION FOR ATTORNEYS' FEES AND COSTS

regarding the transportation costs, court appearances, hours billed, and timekeeping that not only could have been raised in the opening brief but also deny defendant and its expert the opportunity to respond.  Plaintiff, through Exhibit C to the Declaration of Celia McGuinness, submits supplemental invoices without the opportunity for defendant's expert to consider or address this new evidence.

Defendant moves to strike Docket No. 338-2 in its entirety.  The only papers in response to the opposition that should be considered by the court are plaintiff's Reply in Support of Motion for Attorneys' Fees and Costs,  Docket No. 338.

In the alternative, defendant moves the Court for leave to file a sur-reply. Plaintiff has submitted new evidence and defendant should be granted the opportunity to respond.  The Ninth Circuit has held that "[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alterations in original) (citation omitted).  Plaintiff has not presented an argument that she was prohibited from raising this new evidence in her opening brief.

**Objection #3**

Supplemental Declaration of Christopher Knauf in Support of Plaintiff's Reply to Motion for Attorneys' Fees and the attached "Exhibits - Invoices."   Dkt. 340.

The court need not consider "arguments raised for the first time in a reply brief." *Zamani v. Carnes* (9th Cir. 2007) 491 F3d 990, 997.  If a reply brief raises new material (and is permitted), the nonmoving party should be given opportunity for further response.  *Gebretsadike v. Travelers Home & Marine Ins. Co.* (D DC 2015) 103 F.Supp.3d 78, 86.  The court has the discretion to not consider factual matters not raised in the opening brief or opposition.  *Lujan v. National Wildlife Federation* (1990) 497 US 871, 894-895.   If the Court is inclined to consider new

material contained in or served with a reply brief, it must afford the opposing party a reasonable opportunity to respond. *Beaird v. Seagate Tech., Inc.* (10th Cir. 1998) 145 F3d 1159, 1164-1165; see also *Lu v. Lezell* (D DC 2014) 45 F.Supp.3d 86, 91 [court may ignore new arguments in reply or grant leave to file sur-reply].

The additional invoices submitted as Docket No. 340 could have been filed with the opening brief and thereby afforded defendant's expert the opportunity to review this evidence.   This late submission of new evidence denies defendant and its expert the opportunity to respond.

Defendant moves to strike Docket No. 340 in its entirely.  The only papers in response to the opposition that should be considered by the court are plaintiff's Reply in Support of Motion for Attorneys' Fees and Costs,  Docket No. 338.

In the alternative, defendant moves the Court for leave to file a sur-reply. Plaintiff has submitted new evidence, and defendant should be granted the opportunity to respond.  The Ninth Circuit has held that "[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (alterations in original) (citation omitted).  Plaintiff has not presented an argument that she was prohibited from raising this new evidence in her opening brief.

**Defendant moves to stay or postpone hearing**

Defendant Del Amo Hospital has appealed this Court's order for permanent injunction.  Dkt. No. 298.  Depending on the Ninth Circuit Court of Appeal's findings and ruling, the issue of whether plaintiff is the prevailing party could be altered.  Thus, the time and resources expended to determine this present motion could be premature and potentially all for naught.   In the interest of efficiency and conservation of this Court's resources and that of the parties, defendant Del Amo Hospital proposes to this Court that the ruling on this Motion for Attorneys' Fees

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS AND INVOICES RE
MOTION FOR ATTORNEYS' FEES AND COSTS

1    and Costs be stayed or postponed until after the Ninth Circuit Court of Appeal issues

2    its ruling.

3    DATED:  October 22, 2024                    DUMMIT, BUCHHOLZ & TRAPP

4

5

6    By:  /s/ *Moira S. Brennan*

7              Scott D. Buchholz
              Moira S. Brennan
8    Attorneys for Defendant, DEL AMO
     HOSPITAL, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OBJECTIONS TO PLAINTIFF'S SUPPLEMENTAL DECLARATIONS AND INVOICES RE
MOTION FOR ATTORNEYS' FEES AND COSTS